UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
MA ZENIF ENTIZAR INTAL,                         :
                                                :
                Plaintiff,      :
                                                :   REPORT AND
   -against-                                  :   RECOMMENDATION
                                                :
                                                :   No. 18-CV-03196-SJ-JRC
                                                :
ERIE AGUSTIN, M.D. PRIMARY CARE,                :
P.C. and ERIE AGUSTIN, Jointly and              :
Severally,                                      :
                                                :
                Defendants.     :
-------------------------------------------------------------------- x

JAMES R. CHO, United States Magistrate Judge:

       On May 31, 2018, plaintiff Ma Zenif E. Intal ("plaintiff") commenced this action against Erie Agustin, M.D. Primary Care, P.C. and Erie Agustin (collectively, "defendants"), alleging wage and hour claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL") §§ 195.1, 195.3, and 650 *et seq*. *See* Complaint ("Compl.") ¶¶ 2-3, Dkt. No. 1. Plaintiff further alleged sexual harassment in violation of the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-107 *et seq*. *See* Compl. ¶ 4.

       The parties reached a settlement in this matter, and on July 1, 2021, plaintiff filed a motion requesting that the Court approve the Settlement Agreement ("Settlement Agreement" or "Agreement") as fair and reasonable under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). *See* Dkt. Nos. 54-56; *see also* Dkt. No. 57 at Ex. A. On July 8, 2021, the Court held a fairness hearing on plaintiff's motion. *See* Dkt. entry dated July 8, 2021. On October 15, 2021, the Honorable Sterling Johnson, Jr. referred the motion for settlement approval to this Court. *See* Order Referring Motion dated October 15, 2021. For the reasons set forth in this Report and Recommendation, this Court recommends approval of the parties'

settlement as fair and reasonable.

## Factual and Procedural Background

Plaintiff alleges that she was employed as a receptionist at defendants' medical clinic from approximately January 2017 until March 2018.  *See* Memorandum of Law in Support of the Parties' Motion for Approval of the Fair Labor Standards Act Settlement Agreement ("Mem." or "Memorandum"), at 5, Dkt. No. 55; *but see* Compl. ¶ 12 (plaintiff started working in January *2016*).

Plaintiff claims that she regularly worked 45 hours per week from 8:30 a.m. to 6 p.m., with a 30-minute lunch break.  *See* Compl. ¶ 14; Mem. at 6.  Defendants paid her $12 per hour, regardless of the number of hours worked.  *See* Compl. ¶ 16; Mem. at 6.  Plaintiff claims defendants failed to pay her overtime for the hours worked in excess of 40 hours per week.  *See id*.  Plaintiff alleges that her hourly rate fell below the $13 state minimum wage in 2018.  *See* Mem. at 6.

Plaintiff further alleges a non-wage and hour claim.  Specifically, starting in September 2017, plaintiff alleges that defendant Agustin sexually harassed her by making unsolicited sexual comments and advances.  *See* Compl. ¶¶ 21-29; Mem. at 6.  Plaintiff ultimately resigned due to the alleged hostile work environment.  *See* Compl. ¶ 31; Mem. at 6.

On May 31, 2018, plaintiff filed a Complaint, alleging the following claims:  (1) failure to pay the minimum wage under the NYLL; (2) failure to pay overtime premium pay under the FLSA and NYLL; (3) failure to provide her with the "Notice and Acknowledgment of Payrate and Payday" under NYLL § 195.1; (4) failure to provide accurate wage statements as required under NYLL § 195.3; and (5) sexual harassment under the NYCHRL.  *See* Compl. ¶¶ 3-4.  After engaging in discovery, the parties, through the assistance of a mediator, reached a settlement of

all claims.

The parties propose to settle the case for a total of $50,000 paid in equal installments over 18 months. *See* Mem. at 5-6. Of that amount, plaintiff is to receive $25,780.32 and plaintiff's attorneys are to receive $12,891.05 in fees and $11,328.49 in costs (for a total of $24,219.54).[1]

---

[1] Plaintiff describes the total payments as set forth in the Settlement Agreement as follows: "**$25,780.32** of the $50,000.00 will be paid to Plaintiff, with the remaining **$24,219.54** being paid to her counsel, Lipsky Lowe, for attorneys' fees and expenses: $12,891.05 in fees (*i.e.*, one third of $50,000) and $11,328.49 in expenses.)). *See* Mem. at 8 (emphasis added).

This Court notes that the parties' calculations set forth in the Settlement Agreement and in their accompany Memorandum are slightly off although these discrepancies do not change this Court's ultimate finding that the settlement is fair and reasonable.

The Settlement Agreement provides for 18 equal payments of **$2,777.78** broken down as follows: $716.12 paid to plaintiff, subject to withholding; $716.12 paid to plaintiff for emotional distress and liquidated damages; and $1,345.53 to plaintiff's attorneys for fees and costs. *See* Settlement Agreement ¶ 4.a-b. However, when the components of each payment are added together (*i.e.*, $716.12 + $716.12 + $1,345.53), each payment totals **$2,777.77**, not $2,777.78 (off by 1 cent). Eighteen equal payments of $2,777.77 totals **$49,999.86** ($2,777.77 x 18) or 14 cents shy of the agreed upon $50,000 settlement.

Plaintiff states in the Memorandum that she will receive a total of **$25,780.32**. This figure appears correct when adding the component parts of each installment payment (*i.e.*, ($716.12 + $716.12) x 18 payments). *See* Mem. at 8. The Memorandum further states that plaintiff's attorneys will receive a total of **$24,219.54** in fees and costs. This figure also appears correct when adding the amount set aside for plaintiff's attorneys in each of the 18 payments (*i.e.*, $1,345.53 x 18 payments). *See* Mem. at 8. However, these two figures added together ($25,780.32 + $24,219.54) totals $49,999.86, not $50,000 (off by 14 cents). For ease of reference, this Court will continue to refer to the gross settlement amount as $50,000 even though plaintiff ultimately will receive slightly less than $50,000.

This Court also notes a discrepancy with the amount of the attorneys' fees. Plaintiff's attorneys seek fees of **$12,891.05** based on a one-third recovery of the settlement amount after deducting costs. Plaintiff's attorneys incurred costs of $11,328.49. *See* Mem. at 8. It is unclear, however, how plaintiff's attorneys calculated the requested fees. When calculating the attorneys' fees, one-third of $50,000 less costs of $11,328.49 equals **$12,890.50**, not $12,891.05 (off by 55 cents). Even if this Court were to use the $49,999.86 figure, one third of $49,999.86 less costs of $11,328.49 equals **$12,890.46**, not $12,891.05 (off by 59 cents).

Regardless, this Court views the discrepancy in the total settlement of $49,999.86 v. $50,000 and the discrepancy in the attorneys' fees as minor and insufficient to alter this Court's view that the settlement is fair and reasonable.

3

*See* Mem. at 5-6.  For the reasons set forth below, this Court recommends approval of the parties' settlement as fair and reasonable.

## Discussion

### 1. Legal Standards

In considering whether to approve an FLSA settlement, courts consider whether the agreement "reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching."  *Rotthoff v. New York State Cath. Health Plan, Inc.*, No. 19-CV-4027, 2021 WL 1310220, at *2 (E.D.N.Y. Apr. 8, 2021) (citing *Le v. SITA Info. Networking Computing USA, Inc.*, No. 07-CV-86, 2008 WL 9398950, at *1 (E.D.N.Y. June 12, 2008)).  Courts rely on the following factors when determining whether to find a proposed settlement fair and reasonable:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotations and citations omitted); *see also Cohetero v. Stone & Tile, Inc.*, No. 16-CV-4420, 2018 WL 565717, at *2 (E.D.N.Y. Jan. 25, 2018) (endorsing the *Wolinsky* factors).

### 2. Settlement Terms

Here, this Court finds the terms of the settlement fair and reasonable.  First, the Settlement Agreement appropriately contains no impermissible confidentiality or non-re-employment provisions.  *See* Agreement ¶ 12; *Rotthoff*, 2021 WL 1310220, at *2.

Second, the Settlement Agreement contains a non-disparagement provision (Agreement ¶ 10.c) that includes an appropriate carve out to allow plaintiff to discuss her litigation experience.

*See Panganiban v. Medex Diagnostic & Treatment Ctr., LLC*, No. 15-CV-2588, 2016 WL 927183, at *2 (E.D.N.Y. Mar. 7, 2016) (approving non-disparagement provision that includes a "carve-out").

Third, the Settlement Agreement contains a general release. *See* Agreement ¶ 3. While Courts disfavor general releases in the *Cheeks* context, courts have found these releases permissible where, as here, the settlement resolves both wage and hour and non-wage and hour claims. *See Panganiban*, 2016 WL 927183, at *3. Here, a portion of the settlement proceeds resolves plaintiff's non-wage and hour sexual harassment claim, and this Court finds the general release appropriate in this context. *See* Agreement ¶ 3.

### 3.    Settlement Amount

The parties propose a total settlement amount of $50,000. *See* Agreement ¶ 4. In reaching this settlement, plaintiff recognizes that a number of issues could adversely impact her recovery. First, the parties dispute the amount of compensation owed plaintiff and her entitlement to overtime. *See* Mem. at 5. Plaintiff estimates her total recovery without interest and liquidated damages, totals approximately $202,256.80. *See id*. at 5, 7. Defendants deny that they owe plaintiff any unpaid compensation and dispute the hours she allegedly worked. *See id*. at 5, 7. The parties further dispute whether defendants qualify as a "small" employer under the NYLL for purposes of determining plaintiff's minimum wage in 2018. *See* Mem. at 7, 10; N.Y. Lab. Law § 652(1)(a).

Second, defendants have produced financial documents demonstrating their lack of financial resources to pay any judgment. *See* Mem. at 5. Finally, the Court recognizes that the settlement was the product of arm's-length negotiations between experienced employment counsel with the assistance of a mediator. *See id*. at 8. Given the disputed factual issues, the

5

stage of the proceedings where the parties have conducted substantial discovery, risks inherent in litigation, and defendants' financial woes, this Court finds that plaintiff's recovery under the settlement is fair and reasonable, and is within the possible range of recovery.

### 4. Attorneys' Fees and Costs

Courts consider the following six factors when assessing the reasonableness of attorney's fees in FLSA settlements: "(1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation . . .; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations." *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 50 (2d Cir. 2000).

Courts often employ the lodestar method in assessing whether attorney's fees are reasonable, multiplying the number of hours reasonably spent by counsel by a reasonable hourly rate. *See Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 546, 551-52 (2010); *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011); *Cowan v. Ernest Codelia, P.C.*, No. 98-CV-5548, 2001 WL 30501, at *7 (S.D.N.Y. Jan. 12, 2001), *aff'd*, 50 F. App'x 36 (2d Cir. 2002). While there is a "strong presumption that this amount represents a reasonable fee," the Court may adjust the lodestar figure based on certain factors. *See Cowan*, 2001 WL 30501 at *7; *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999).

As an alternative to the lodestar method, courts employ the "percentage of the fund" method. *See McDaniel v. Cty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). Under this approach, courts in this Circuit have found an award representing one third of the settlement amount to be reasonable. *See Romero v. Westbury Jeep Chrysler Dodge, Inc.*, No. 15-CV-4145, 2016 WL 1369389, at *2 (E.D.N.Y. Apr. 6, 2016) (collecting cases).

In FLSA cases, regardless of the method used, "'[t]he Court must . . . separately assess

6

the reasonableness of plaintiffs' attorney's fees, even when the fee is negotiated as part of a settlement rather than judicially determined.'" *Beckert v. Rubinov*, No. 15-CV-1951, 2015 WL 6503832, at *2 (S.D.N.Y. Oct. 27, 2015) (quoting *Lliguichuzcha v. Cinema 60, LLC*, 948 F. Supp. 2d. 362, 366 (S.D.N.Y. 2013)). While courts have accepted "a greater range of reasonableness for approving attorney's fees" in individual FLSA actions than in collective actions, courts still must "carefully scrutinize" the agreed-upon attorney's fees. *See Wolinsky*, 900 F. Supp. 2d at 336 (internal citations omitted).

Here, plaintiff's attorneys seek $12,891.05 in fees, which represents approximately one third of the settlement after deducting costs. *See* Mem. at 5, 15. They also seek $11,328.49 in costs associated with, *inter alia*, the filing fee, service of the summons and complaint, deposition transcripts, and expert fees. *See* Mem. at 5-6; *see also* Dkt. No. 56 at Ex. C.

Billing records establish that plaintiff's attorneys expended approximately 104 hours over the course of this multi-year litigation at hourly rates of $400 (partner), $300 (associates), and $95 (paralegal). *See* Mem. at 16; Dkt. No. 56 at Ex. C. At these rates, plaintiff's attorneys incurred fees totaling $34,013.30. The requested fee award of $12,891.05 represents approximately one third of the settlement (after deducting costs). Courts in this Circuit routinely approve attorney's fees that represent one third the total settlement amount. *See e.g., Romero*, 2016 WL 1369389, at *2. Further, based on the lodestar crosscheck, plaintiff's attorneys are requesting an award that is significantly less than the amount of the firm's hourly fees. Upon review of the parties' submission and consideration of the *Goldberger* factors set forth above, this Court finds the requested fees and costs to be reasonable, and recommends that they be approved.

**Conclusion**

After reviewing the parties' submissions and holding a fairness hearing, this Court recommends that the District Court find that the settlement reached is a fair and reasonable compromise of plaintiff's claims, considering the amount received, issues with liability that might limit plaintiff's recovery, the fact that the parties engaged in arm's-length negotiations with experienced counsel sufficient to gain an understanding of the risks of proceeding with the litigation, and concerns of defendant's ability to pay any judgment. *Cf. Wolinsky*, 900 F. Supp. 2d at 335 (examining the factors courts consider when approving FLSA settlement). This Court further recommends that plaintiff's attorneys be awarded $24,219.54 in attorneys' fees and costs.

Accordingly, this Court finds that the proposed settlement agreement is fair and reasonable and recommends that it be approved. Any objections to the recommendations made in this Report must be submitted within 14 days after filing of the Report and, in any event, no later than **February 10, 2022**. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. Proc. 72(b)(2). Failure to file timely objections may waive the right to appeal the District Court's order. *See Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (discussing waiver under the former ten-day limit); *Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate [judge's] decision").

The Clerk is requested to enter this Report and Recommendation into the ECF system.

**SO ORDERED.**

Dated: Brooklyn, New York
January 27, 2022

                                                s/ James R. Cho
                                                James R. Cho
                                                United States Magistrate Judge